Filed 3/15/24  P. v. Brummett CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C096923 |
| Plaintiff and Respondent, | (Super. Ct. No. 20F00717) |
| v. | |
| ROBERT EARL BRUMMETT, | |
| Defendant and Appellant. | |

Defendant Robert Earl Brummett appeals from the trial court's August 2022 resentencing order.  Brummett's appointed counsel asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Brummett filed a supplemental brief arguing (1) the trial court improperly denied his request for a supplemental probation report, (2) the trial court erred in failing to consider his postjudgment prison conduct, (3) the prosecution erred in arguing Brummett was an unreasonable risk of danger, (4) the trial court was unaware

1

that Brummett was entitled to a full resentencing, (5) the trial court was unaware it had discretion to modify multiple enhancements, and (6) the trial court did not consider Brummett's childhood trauma during resentencing.

Thereafter, this court requested further supplemental briefing from counsel for both parties on the following: (1) did the trial court err when it failed to explicitly consider the application of Penal Code[1] section 1170, subdivision (b)(6) and the sentencing presumption of low term that might apply to the resentencing given the submission of evidence of Brummett's childhood trauma; (2) did Brummett's trial counsel forfeit or waive the application of section 1170, subdivision (b)(6) by failing to object to the trial court's tentative ruling and/or by expressly stating in its supplemental resentencing brief that they requested a middle term sentence; and (3) did the trial court make sufficient findings regarding section 1385, subdivision (c). The matter became fully briefed on February 6, 2024.

We have reviewed the supplemental briefing and the record as required by *Wende*. We note that the upper term was imposed on the firearm enhancement to the principal count despite imposition of the middle term on the principal count itself. Also, despite defense counsel introducing evidence of Brummett's childhood trauma, there was no discussion of whether the low term was appropriate for the principal count and associated firearm enhancement, pursuant to section 1170, subdivision (b)(6). We further note that the trial court failed to clearly state that, pursuant to section 1385, it found dismissal of multiple enhancements was not in the interest of justice (or state any reasons for this finding). Both parties brief forfeiture, as defense counsel failed to raise these issues or object to the trial court's rulings. Appellate counsel for Brummett raises ineffective assistance of counsel as related to these failings. Because of this alternate claim, we

---

[1] Undesignated statutory references are to the Penal Code.

2

exercise our discretion to address the substantive claims of error on their merits. (*People v. Crittenden* (1994) 9 Cal.4th 83, 146; *In re Victor L.* (2010) 182 Cal.App.4th 902, 928.) As it appears the errors in their totality prejudiced Brummett, we will vacate the sentence and remand for a full resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2020, a jury found Brummett guilty of 21 offenses related to domestic violence: five counts of corporal injury with a prior corporal injury conviction (§ 273.5, subd. (a); counts 1, 4, 10, 11, & 17), two counts of assault with force likely to cause great bodily injury (§ 245, subd. (a)(4); counts 2 & 12), battery causing serious bodily injury (§ 243, subd. (d); count 3), assault with a semiautomatic firearm (§ 245, subd. (b); count 5), three counts of false imprisonment (§ 236; counts 6, 13, & 19), two counts of making criminal threats (§ 422; counts 7 & 15), dissuading a witness by force or threat (§ 136.1, subd. (c)(1); count 8), two counts of dissuading a witness from testifying (§ 136.1, subd. (a); counts 22 & 23), two counts of possession of a firearm by a felon (§ 29800, subd. (a); counts 9 & 20), assault with a firearm (§ 245, subd. (a)(2); count 14), and stalking with a prior corporal injury conviction (§ 646.9, subd. (c)(1); count 21). (*People v. Brummett* (Dec. 15, 2021, C092526) [nonpub. opn.].) As to counts 5, 7, 8, 14, and 15, the jury found true that Brummett personally used a firearm. (§ 12022.5, subd. (a).) As to counts 1 and 2, the jury found true that Brummett personally inflicted great bodily injury under circumstances involving domestic violence. (§ 12022.7, subd. (e).) As to count 6, the jury found true that Brummett unlawfully possessed ammunition. (§ 12022.2, subd. (a).)

In July 2020, the trial court sentenced Brummett to state prison for an aggregate term of 36 years including the upper term of nine years on count 5 plus the upper term of 10 years for the firearm enhancement, one year four months consecutive for count 1 plus one year four months for the great bodily injury enhancement, eight months consecutive on count 7, three years consecutive on count 8, and two years each on counts 22 and 23.

3

In December 2021, Brummett asked this court to remand the matter because (1) the trial court failed to exercise informed discretion when sentencing on counts 8, 22, and 23 because consecutive sentences were not mandatory, (2) the sentence for count 7 must be stayed pursuant to section 654 because it involved the same conduct as count 8, (3) the trial court must determine the duration of the protective order, and (4) the abstract of judgment must be corrected to reflect the imposed sentence. The People conceded each of Brummett's arguments, and we agreed with the concession. We vacated the sentence and remanded the matter "for full resentencing in a manner consistent with this opinion, including the trial court's consideration of its discretion with respect to counts 8, 22, and 23, and selection, imposition, and stay of sentence on count 7." We also directed the trial court to select the duration of the protective order and prepare a new abstract of judgment. We otherwise affirmed the judgment. (*People v. Brummett, supra*, C092526.)

During a July 2022 hearing, defense counsel asked to delay resentencing in order to develop and introduce potentially mitigating evidence for the sentencing in light of recent amendments to section 1385, including evidence of childhood trauma. (§ 1385, subd. (c)(2)(E).) Defense counsel initially raised the issue of a supplemental probation report but then stated he preferred to have a psychologist evaluate Brummett.

Defense counsel subsequently submitted a sentencing brief arguing the trial court should impose concurrent sentences for counts 8, 22, and 23 because the crimes and their objectives were similar, and they were all committed at the same location within the same two-month timespan. Defense counsel further argued the trial court should stay the sentence on count 7 pursuant to section 654, and that the firearm enhancement found true in connection with count 5 and the great bodily injury enhancement found true in connection with count 1 should be stricken because multiple enhancements were alleged in a single case (§ 1385, subd. (c)(2)(B)) and the application of the enhancement could result in a sentence of over 20 years (§ 1385, subd. (c)(2)(C)). Finally, in light of recent amendments to section 1170, defense counsel specifically asked the trial court to impose

4

a middle term sentence on count 5 instead of the previously imposed upper term sentence. Defense counsel noted that Brummett had not stipulated to any aggravating circumstances, nor had a jury or judge found any to be true beyond a reasonable doubt. Defense counsel did not discuss the application of section 1170 to the associated firearm enhancement.

The People argued Brummett should be sentenced to the upper term for count 5 and the associated firearm enhancement, despite the amendments to section 1170. According to the People, the court could consider the following aggravating circumstances: (1) Brummett's numerous prior convictions, (2) Brummett was on postrelease community supervision at the time of his current offenses, and (3) Brummett's poor prior performance on probation. The People asked the trial court to sentence Brummett to an aggregate prison term of 37 years eight months and argued that dismissing the enhancements under section 1385 would not be in the furtherance of justice.

In August 2022, Brummett filed a supplemental brief with the trial court that attached a copy of an acceptance letter from a substance abuse program and a psychologist's report. He argued the report was in support of "Section 1385 mitigation." Brummett told the psychologist that, when he was between the ages of three years old and 11 years old, his stepfather had regularly abused him, his mother, and his siblings. His mother's subsequent boyfriend was also abusive. The psychologist opined that Brummett suffered dysfunction, abuse, and toxic stress during his youth, and this childhood trauma "has most likely been a significant contributing factor in his subsequent criminal behaviors." The psychologist further opined that Brummett was addicted to methamphetamine and, when combined with the childhood trauma, his mental health issues "played a significant role in the commission of the charged offenses."

At the outset of the August 2022 resentencing hearing, the trial court confirmed it had received Brummett's supplemental resentencing brief, stated that it understood what

was being asked for by Brummett, and announced a tentative aggregate sentence of 30 years four months (with count 5 reduced to the middle term of six years, count 7 stayed under section 654, and count 23 to run concurrently with count 22). The court proposed no changes to the upper 10-year term on the firearm enhancement associated with count 5. In response to defense counsel's inquiry as to whether there was a particular area that the court wanted counsel to address, the court stated that it had discretion as to which count should be designated as the principal count, that it was not limited to the middle term sentence on that count, and that it had a "number of other choices" if counsel wanted to address them. Despite the breadth of the court's invitation, defense counsel responded simply by stating he would "submit on the court's tentative." Defense counsel then pivoted and focused on whether the enhancements should be stricken pursuant to section 1385. The prosecution focused its argument on the evidence supporting the aggravating factors.

The trial court denied Brummett's request for probation reasoning that he was statutorily ineligible for probation and, even if it had discretion, unusual circumstances did not exist so as to warrant a probationary sentence for Brummett. The trial court denied the prosecution's request to consider aggravating evidence regarding Brummett's prior criminal, probation, and prison history. The trial court noted that it felt this court's prior opinion did not "open things up for aggravation in a number of different ways, simply to address those things the court said I can address." With respect to section 1385, the prosecution argued it was not in the furtherance of justice to strike the enhancements because to do so "would endanger public safety and/or the safety of the victims." In response, defense counsel argued that the court should "overlook" the public safety factor because the Legislature intended "public safety" to embrace "a bigger swath of the community and not just the one person with whom Mr. Brummett had a dating relationship." The court did not respond to this argument and did not make any findings or state any conclusions as to section 1385.

6

The trial court resentenced Brummett to state prison for an aggregate term of 30 years four months, modifying the following portions of the previously imposed sentence: count 5 to the middle term of six years, count 7 to the middle term of two years concurrent (despite its tentative decision to stay the count pursuant to section 654, as addressed in this court's prior opinion (*People v. Brummett, supra*, C092526)), and count 23 to two years concurrent. The other portions of the sentence remained, including the upper 10-year term on the firearm enhancement associated with count 5.

During the resentencing hearing, the court erroneously declined to recalculate Brummett's custody credits. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29 ["when a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody"].) But, on Brummett's motion, the trial court filed a new abstract of judgment with updated credits in April 2023.

## DISCUSSION

When, as here, a jury has found true a firearm enhancement pursuant to section 12022.5, subdivision (a), the court may impose "an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years." Prior to January 1, 2022, when such sentencing triads were proscribed, former section 1170, subdivision (b) gave the court the discretion to impose the upper, middle, or lower sentencing term. (Stats. 2020, ch. 29, § 14.) However, the Legislature amended section 1170 via Senate Bill No. 567 (2021-2022 Reg. Sess.) to now require a trial court, in its sound discretion, to impose the lower or middle term, unless there are "circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

7

(§ 1170, subd. (b)(2).) Section 1170, subdivision (b)(6) also now requires the court to impose the low term if childhood trauma suffered by a defendant was a contributing factor in the commission of the offense, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice."

Brummett was resentenced in August 2022, after the amendments to section 1170 came into effect. Defense counsel discussed the application of those amendments to count 5, correctly noting that Brummett had not stipulated to any aggravating circumstances, nor had a jury or judge found any to be true beyond a reasonable doubt, as required by section 1170. As such, counsel argued, Brummett was entitled to the middle term on count 5. However, counsel failed to raise the fact that under the same analysis Brummett was also entitled to the middle term on the associated firearm enhancement. Nor did the trial court address, let alone correct, this disparity when it reimposed the upper term on the enhancement. This was prejudicial error.

In addition, despite introducing evidence of Brummett's childhood trauma in support of his request to strike the enhancements under section 1385, defense counsel failed to argue Brummett was entitled to the presumptive lower term pursuant to section 1170, subdivision (b)(6). Nor did the trial court address the application of section 1170, subdivision (b)(6), or make any findings in that regard, despite the evidence before it that would appear to qualify Brummett for the presumptive lower term sentence. Brummett had not stipulated to any aggravating circumstances, nor had a jury or judge found any such circumstances to be true beyond a reasonable doubt, as required by section 1170. Further, the trial court failed to address the application of section 1385, did not state any reasons for its apparent decision not to apply the section's requirements to Brummett, and did not make the required findings that dismissal of the enhancements was not in the interest of justice. This, too, was error. We must reverse the resulting sentence and remand the matter for a full resentencing. (See *People v. Buycks* (2018) 5 Cal.5th 857,

8

893 [when part of a sentence is reversed on appeal, a defendant is entitled to a full resentencing on remand].)

Given our conclusion that a full resentencing is required, we need not address any remaining issues raised in the supplemental briefs provided by Brummett's appointed counsel. We also need not address Brummett's contentions in his supplemental brief.

DISPOSITION

The sentence is vacated and the matter is remanded for a full resentencing. Upon completion of the resentencing, the trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


_____/s/_____
BOULWARE EURIE, J.


We concur:


_____/s/_____
DUARTE, Acting P. J.


_____/s/_____
KRAUSE, J.

9